| | |
|---|---|
| SHERIEDA WILDER,<br><br>     Plaintiff,<br><br>v.<br><br>NELNET INC; HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI d/b/a MOHELA; TRANS UNION LLC; EQUIFAX INFORMATION SERVICES;<br><br>     Defendants. | Case No.: |

## COMPLAINT

## (Jury Trial Demanded)

### INTRODUCTION

1. This is an action brought by an individual consumer for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 et seq.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4. Plaintiff is an individual residing in Milwaukee, Wisconsin.

5. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

1

6. Defendant Nelnet, Inc. is a furnisher of consumer credit information to consumer reporting agencies.

7. Defendant Higher Education Loan Authority of the State of Missouri, doing business as MOHELA ("MOHELA"), is a furnisher of consumer credit information to consumer reporting agencies.

8. Defendant Trans Union LLC is engaged in the business of maintaining and reporting consumer credit information for profit.

9. TransUnion is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

10. Defendant Equifax Information Services, LLC is engaged in the business of maintaining and reporting consumer credit information for profit.

11. Equifax is a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff is the borrower on multiple federal student loan accounts. These accounts have been serviced by Nelnet, Inc. and MOHELA.

13. Plaintiff's federal student loans were placed in deferment and/or forbearance, including under the automatic payment suspension provisions of the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. L. No. 116-136. During the applicable deferment and forbearance periods, no payments were due on the loans, and the loans could not accrue delinquency.

2

14. Nelnet services the following federal student loan accounts for Plaintiff:

    a. Account ending in 5179;

    b. Account ending in 5279;

    c. Account ending 4671; and

    d. Account ending 4771.

15. MOHELA services the following federal student loan accounts for Plaintiff:

    a. Account ending 0718; and

    b. Account ending 0718.

16. Despite the deferment and forbearance status of these accounts, Nelnet reported late payment history on each of the accounts identified in Paragraph 14 to TransUnion and Equifax.

17. Despite the deferment and forbearance status of these accounts, MOHELA reported late payment history on each of the accounts identified in Paragraph 15 to TransUnion.

18. The reported late payments are inaccurate. No payments were due on the accounts during the periods in which late payments were reported because the accounts were in deferment and/or forbearance.

19. In or around late 2025 or early 2026, Plaintiff reviewed her credit reports maintained by TransUnion and Equifax and discovered the inaccurate late payment markings on her federal student loan accounts.

20. The false late payment information harms Plaintiff because it does not accurately depict Plaintiff's credit history and creditworthiness, and it overstates Plaintiff's delinquency history.

21. Upon information and belief, TransUnion and Equifax published the false late payment information regarding Plaintiff's federal student loan accounts to third parties, including but not limited to creditors, lenders, and other users of consumer credit information.

22. Plaintiff has lost time and incurred expense working to resolve the adverse information associated with these accounts to prevent further harm.

**Written Disputes**

23. On or about January 7, 2026, Plaintiff sent a written letter to TransUnion disputing the inaccurate late payment information on the following federal student loan accounts: Nelnet accounts ending in 5179 and 5279; Department of Education/Nelnet accounts ending 4671 and 4771; and MOHELA accounts ending 0718 and 0718.

24. On or about January 7, 2026, Plaintiff sent a written letter to Equifax disputing the inaccurate late payment information on the following federal student loan accounts: Nelnet accounts ending in 5179 and 5279; and Department of Education/Nelnet accounts ending 4671 and 4771.

25. In each dispute letter, Plaintiff informed the consumer reporting agency that the student loan accounts had been in deferment and/or forbearance, that no payments were due during the reported delinquency periods, and

that the late payment markings were inaccurate. Plaintiff requested a description of the procedure used to determine the accuracy and completeness of the information Plaintiff was disputing.

26. TransUnion forwarded Plaintiff's dispute to Nelnet and MOHELA for reinvestigation. Nelnet and MOHELA received notification of Plaintiff's dispute from TransUnion.

27. Equifax forwarded Plaintiff's dispute to Nelnet for reinvestigation. Nelnet received notification of Plaintiff's dispute from Equifax.

28. Following these disputes, neither TransUnion nor Equifax corrected the inaccurate late payment information on any of the disputed federal student loan accounts.

29. Neither Nelnet nor MOHELA instructed TransUnion or Equifax to correct the false late payment information on Plaintiff's consumer reports.

30. On or about February 10, 2026, Plaintiff sent a second written letter to TransUnion disputing the continued inaccurate late payment information on the following federal student loan accounts: Department of Education/Nelnet accounts ending 4671 and 4771; and Nelnet account ending in 5279.

31. On or about February 10, 2026, Plaintiff sent a second written letter to Equifax disputing the continued inaccurate late payment information on the following federal student loan accounts: Department of

Education/Nelnet accounts ending 4671 and 4771; and Nelnet account ending in 5279.

32. TransUnion and Equifax forwarded Plaintiff's second disputes to Nelnet for reinvestigation. Nelnet received notification of Plaintiff's second disputes from TransUnion and Equifax.

33. Following these second disputes, neither TransUnion nor Equifax corrected the inaccurate late payment information on any of the disputed federal student loan accounts.

34. Nelnet failed to conduct a reasonable investigation, failed to contact Plaintiff or any third parties, and failed to review underlying account information with respect to the disputed information and the accuracy of the disputed information.

35. MOHELA failed to conduct a reasonable investigation, failed to contact Plaintiff or any third parties, and failed to review underlying account information with respect to the disputed information and the accuracy of the disputed information.

36. TransUnion and Equifax failed to conduct reasonable reinvestigations, failed to contact Plaintiff, failed to contact third parties, and failed to review underlying account information with respect to the disputed information and the accuracy of the disputed information.

37. Nelnet failed to instruct TransUnion and Equifax to correct the false information reporting on Plaintiff's consumer reports.

38. MOHELA failed to instruct TransUnion to correct the false information reporting on Plaintiff's consumer report.

39. TransUnion and Equifax employed investigation processes that were not reasonable and did not remove the false information identified in Plaintiff's disputes.

40. TransUnion and Equifax employed internal processes that were not reasonable and failed to ensure the maximum possible accuracy of the information reported on Plaintiff's consumer reports.

41. At no point after receiving the disputes did any Defendant communicate with Plaintiff to determine the veracity and extent of Plaintiff's disputes.

## COUNT I - NELNET

## (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

42. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

43. After receiving Plaintiff's dispute, Nelnet failed to correct the false information regarding the accounts reporting on Plaintiff's consumer reports.

44. Nelnet violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute; by failing to review all relevant information regarding Plaintiff's dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the

7

re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

45. As a result of this conduct, action, and inaction of Nelnet, Plaintiff suffered damages, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

46. Nelnet's conduct, action, and inaction was willful, entitling Plaintiff to recover punitive damages pursuant to 15 U.S.C. § 1681n.

47. In the alternative, Nelnet was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

48. Plaintiff is entitled to recover costs and attorneys' fees from Nelnet pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT II – MOHELA

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681s-2(b))

49. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

50. After receiving Plaintiff's dispute, MOHELA failed to correct the false information regarding the accounts reporting on Plaintiff's consumer reports.

51. MOHELA violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's dispute; by failing to review all relevant information regarding Plaintiff's dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of false representations to the consumer credit reporting agencies, among other unlawful conduct.

52. As a result of this conduct, action, and inaction of MOHELA, Plaintiff suffered damages, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

53. MOHELA's conduct, action, and inaction was willful, entitling Plaintiff to recover punitive damages pursuant to 15 U.S.C. § 1681n.

54. In the alternative, MOHELA was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

55. Plaintiff is entitled to recover costs and attorneys' fees from MOHELA pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

**COUNT III – TRANS UNION AND EQUIFAX**

**(Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b))**

9

56. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

57. After receiving Plaintiff's dispute, Trans Union and Equifax failed to correct the false information reporting on Plaintiff's consumer reports.

58. Trans Union and Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files they published and maintained concerning Plaintiff.

59. As a result of this conduct, action and inaction of Trans Union and Equifax, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

60. The conduct, action, and inaction of Trans Union and Equifax was willful, entitling Plaintiff to recover punitive damages pursuant to 15 U.S.C. § 1681n.

61. In the alternative, Trans Union and Equifax acted negligently, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

62. Plaintiff is entitled to recover costs and attorneys' fees from Trans Union and Equifax pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT IV – TRANS UNION AND EQUIFAX

### (Fair Credit Reporting Act Violation – 15 U.S.C. § 1681i)

63. Plaintiff re-alleges and reaffirms the above paragraphs as though fully set forth herein.

64. After receiving Plaintiff's dispute, Trans Union and Equifax failed to correct the false information reporting on Plaintiff's consumer reports.

65. Trans Union and Equifax violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files, and by failing to provide Plaintiff with a description of their procedures used to determine the accuracy and completeness of the disputed information.

66. As a result of this conduct, action and inaction of Trans Union and Equifax, Plaintiff suffered damage, and continues to suffer actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

67. The conduct, action, and inaction of Trans Union and Equifax was willful, entitling Plaintiff to recover punitive damages pursuant to 15 U.S.C. § 1681n.

68. In the alternative, Trans Union and Equifax acted negligently, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

69. Plaintiff is entitled to recover costs and attorneys' fees from Trans Union and Equifax pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## DEMAND FOR JURY TRIAL

70. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks a reasonable and fair judgment against Defendants for willful noncompliance of the Fair Credit Reporting Act and seeks remedies as defined by 15 U.S.C. § 1681 and demands:

a. Trial by jury.

b. Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

c. Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for each Defendant's willful violation;

d. The costs of instituting this action together with reasonable attorney's fees incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

e. Any further legal and equitable relief as the court may deem just and proper in the circumstances.

Dated: April 23, 2026

HIPPENSTEEL LAW FIRM, PLLC

BY: */s/ Jacob W. Hippensteel*
Jacob W. Hippensteel
Attorney for Plaintiff